UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

UNITED STATES OF AMERICA              :

    - v. -                                        :                 15 Cr. 592 (PKC)

ESMERALDO ACOSTA,                     :

             Defendant.            :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x


**SENTENCING MEMORANDUM OF THE UNITED STATES OF AMERICA**


                                    PREET BHARARA
                                    United States Attorney for the
                                    Southern District of New York
                                    Attorney for the United States of America


Drew Johnson-Skinner
Assistant United States Attorney
    - Of Counsel -

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

UNITED STATES OF AMERICA                    :

          - v. -                              :                    15 Cr. 592 (PKC)

ESMERALDO ACOSTA,                            :

                Defendant.            :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**SENTENCING MEMORANDUM**

The Government respectfully submits the following memorandum in connection with the

sentencing of Esmeraldo Acosta (the "defendant"), which is scheduled for May 19, 2016.  For

the reasons that follow, the Government submits that a sentence within the Stipulated Guidelines

range of 70 to 87 months' imprisonment would be sufficient, but not greater than necessary, to

serve the legitimate purposes of sentencing set forth in Title 18, United States Code, Section

3553(a).

## I.  BACKGROUND

### A.      Offense Conduct

In July 2015, Acosta offered to sell heroin and cocaine to an individual who referred him

to another buyer who was in fact an undercover officer ("UC-1").  (PSR ¶ 11).  Acosta and his

co-defendant Andre Heredia-Cuevas met with UC-1 and provided him with a sample of heroin.

(PSR ¶ 12).  UC-1 and Acosta agreed that Acosta would sell UC-1 one kilogram of heroin for

$63,000.  (PSR ¶ 13).  Acosta and UC-1 later agreed to meet in Yonkers, New York, on July 17,

2015, to conduct the transaction.  (PSR ¶¶ 15-16).  Acosta arrived at the meeting location as did

Heredia-Cuevas, who was carrying plastic shopping bags containing the drugs.  (PSR ¶¶ 18-19).

Acosta directed UC-1 to the back seat of a nearby vehicle where UC-1 found approximately 1 kilogram of heroin inside a shopping bag.  (PSR ¶¶ 18-19).

On February 4, 2016, the defendant pleaded guilty pursuant to a plea agreement to the lesser included offense in Count One of the Indictment of conspiring to distribute and possess with the intent to distribute heroin, in violation of Title 21, United States Code, Sections 846 and 841(b)(1)(C).

### B.     The Guidelines

Consistent with the terms of the parties' plea agreement, and as independently confirmed by the U.S. Probation Department in its Presentence Report ("PSR"), the Government believes that the November 1, 2015 Guidelines manual is applicable to the defendant in the following manner:

The Guideline section applicable to the offense charged in Count One of the Indictment is U.S.S.G. § 2D1.1.  Pursuant to U.S.S.G. § 2D1.1(c)(5), because the offense involved at least one kilgoram but less than 3 kilograms of heroin, the base offense level is 30.

Pursuant to U.S.S.G. § 3E1.1(a) and (b), a three-level reduction is warranted for the defendant's timely demonstration of acceptance of responsibility.  The defendant's total adjusted offense level is thus 27.

The defendant has the following criminal history: a July 2001 conviction for auto stripping and possession of stolen property; a November 2001 conviction for unauthorized use of a vehicle; and a May 2002 conviction for conspiring to possess marijuana.  (PSR ¶¶ 40-42).  Because none of these convictions result in criminal history points, the defendant is in Criminal History Category I.  At Criminal History Category I, with an offense level of 27, the defendant's advisory, applicable Guidelines range is 70 to 87 months' imprisonment (the "Stipulated

Guidelines Range"). The Probation Department likewise concluded that the defendant's Guidelines Range is 70 to 87 months' imprisonment and recommended a sentence of 70 months' imprisonment, within the Guidelines Range. (PSR p. 22).

## II. DISCUSSION

In light of the nature of the instant offense and to promote deterrence, the Government respectfully submits that a sentence within the Stipulated Guidelines Range would be sufficient, but not greater than necessary, to serve the legitimate purposes of sentencing.

*First*, a sentence within the Stipulated Guidelines Range is necessary to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment. *See* 18 U.S.C. § 3553(a)(2)(A). Distributing illegal drugs is a serious offense. This is particularly so with this offense, which involved one kilogram of heroin. Heroin trafficking in particular has given rise to increasing and alarming numbers of victims. Nearly 670,000 Americans reported using heroin in 2012, a remarkable jump from the approximately 370,000 Americans who reported using heroin just five years earlier.[1] And nearly 40,000 Americans die each year from drug overdoses, with 75 percent of those deaths resulting from the use of heroin or other opioids.[2] Between 2001 and 2014, there was a 6-fold increase in the number of deaths from heroin overdoses alone.[3] The defendant intended to contribute to this crisis by distributing heroin for profit.

---

[1] *See* "Addict, Informant, Mother," *The New York Times*, May 11, 2014, *available at:* http://www.nytimes.com/2014/05/11/magazine/addict-informant-mother.html?hpw&rref=magazine (citing DEA statistics).

[2] "Heroin: America's Silent Assassin," *The Daily Beast*, February 3, 2014, *available at*: http://www.thedailybeast.com/articles/2014/02/03/heroin-america-s-silent-assassin.html

[3] National Institute on Drug Abuse, Overdose Death Rates, *available at:* https://www.drugabuse.gov/related-topics/trends-statistics/overdose-death-rates

Acosta did not accidentally sell drugs and was not forced to do so by anyone else.  After offering heroin and cocaine to an individual, Acosta met with UC-1, provided him a sample, agreed on a price, spoke with UC-1 on additional occasions to set up the deal, and met in person to hand off the drugs.  Acosta also worked with another person—his co-defendant—to complete the sale.  Acosta made a choice to sell heroin and should be held accountable for that choice.  A sentence within the Stipulated Guidelines Range is thus warranted to reflect the seriousness of the offense conduct, to promote respect for the law, and to provide just punishment for the defendant's actions.

*Second*, a sentence within the Guidelines range is necessary to afford adequate deterrence.  *See* 18 U.S.C. § 3553(a)(2)(B).  Based on the instant offense, the defendant plainly has access to large amounts of narcotics and knows other individuals involved in narcotics trafficking.  Although the defendant claims that he engaged in the instant offense only after a friend repeatedly requested him to provide drugs, the defendant had no difficulty doing so and was able to provide UC-1 with a sample and then one kilogram of heroin within a matter of days.  This was not the type of transaction that occurs in isolation.  Moreover, the defendant has a prior drug conviction that, although for conspiracy to possess marijuana, appears to have involved the distribution of heroin, based on information in the Presentence Report.  (*See* PSR ¶ 40).  In connection with that offense, the defendant was arrested in an apartment in which money, a scale, a drug ledger, and glassines of heroin were found.  (PSR ¶ 40).  The defendant has two other convictions related to stolen vehicles and parts.  (PSR ¶¶ 41-42).  The defendant's prior convictions, for which he received two months, three months, and 18 months' incarceration, were insufficient to deter him from the instant criminal conduct.  This is also not a case where the defendant committed a youthful indiscretion; he is 51 years old and yet chose, despite his

-6-

previous convictions, to sell a large amount of heroin. (PSR p. 2).  A sentence within the

Stipulated Guidelines Range is therefore necessary and appropriate to ensure the defendant is

deterred from re-offending.

### III.  CONCLUSION

For the foregoing reasons, the Government respectfully submits that a sentence within the

Stipulated Guidelines Range is appropriate here and would be sufficient, but not greater than

necessary, to serve the legitimate purposes of sentencing.

Dated: New York, New York
       May 12, 2016

                              Respectfully submitted,

                              PREET BHARARA
                              United States Attorney
                              Southern District of New York


                    By:      /s/ Drew Johnson-Skinner
                             Drew Johnson-Skinner
                             Assistant United States Attorney
                             (212) 637-1587