UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

UNITED STATES OF AMERICA                :

    - v. -                                                     :       15 Cr. 592 (PKC)

ANDRE HEREDIA-CUEVAS,                 :

             Defendant.            :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**SENTENCING MEMORANDUM OF THE UNITED STATES OF AMERICA**

                                                 PREET BHARARA
                                                 United States Attorney for the
                                                 Southern District of New York
                                                 Attorney for the United States of America

Drew Johnson-Skinner
Assistant United States Attorney
    - Of Counsel -

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| - v. - | : | 15 Cr. 592 (PKC) |
| ANDRE HEREDIA-CUEVAS, | : | |
| Defendant. | : | |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**SENTENCING MEMORANDUM**

The Government respectfully submits the following memorandum in connection with the sentencing of Andre Heredia-Cuevas (the "defendant"), which is scheduled for June 13, 2016. For the reasons that follow, the Government submits that a sentence within the Stipulated Guidelines range of 70 to 87 months' imprisonment would be sufficient, but not greater than necessary, to serve the legitimate purposes of sentencing set forth in Title 18, United States Code, Section 3553(a).

**I. BACKGROUND**

**A.   Offense Conduct**

In July 2015, Heredia-Cuevas met with co-defendant Esmeraldo Acosta and an undercover officer ("UC-1") regarding a drug sale to UC-1. (PSR ¶ 12). Heredia-Cuevas and Acosta provided UC-1 with a sample of heroin. (PSR ¶ 12). UC-1 and Acosta agreed that Acosta would sell UC-1 one kilogram of heroin for $63,000. (PSR ¶ 13). Acosta and UC-1 later agreed to meet in Yonkers, New York, on July 17, 2015, to conduct the transaction. (PSR ¶¶ 15-16). Acosta arrived at the meeting location as did Heredia-Cuevas, who was carrying plastic shopping bags containing the drugs. (PSR ¶¶ 18-19). Acosta directed UC-1 to the back seat of a

nearby vehicle where UC-1 found approximately 1 kilogram of heroin inside a shopping bag. (PSR ¶¶ 18-19).  When UC-1 stated that he had the money nearby, Acosta indicated that Heredia-Cuevas should go with UC-1 to count the money, but Heredia-Cuevas said that the money did not need to be counted.  (PSR ¶ 20).

On February 2, 2016, the defendant pleaded guilty pursuant to a plea agreement to the lesser included offense in Count One of the Indictment of conspiring to distribute and possess with the intent to distribute heroin, in violation of Title 21, United States Code, Sections 846 and 841(b)(1)(C).

**B.     The Guidelines**

Consistent with the terms of the parties' plea agreement, and as independently confirmed by the U.S. Probation Department in its Presentence Report ("PSR"), the Government believes that the November 1, 2015 Guidelines manual is applicable to the defendant in the following manner:

The Guideline section applicable to the offense charged in Count One of the Indictment is U.S.S.G. § 2D1.1.  Pursuant to U.S.S.G. § 2D1.1(c)(5), because the offense involved at least one kilgoram but less than 3 kilograms of heroin, the base offense level is 30.

Pursuant to U.S.S.G. § 3E1.1(a) and (b), a three-level reduction is warranted for the defendant's timely demonstration of acceptance of responsibility.  The defendant's total adjusted offense level is thus 27.

The defendant has the following criminal history:  In 1996, the defendant was convicted of criminal possession of a controlled substance after firearms, approximately one kilogram of narcotics, and narcotics distribution paraphernalia were found in the defendant's apartment. (PSR ¶ 41).  The defendant was sentenced to three years to life imprisonment.  Because this

conviction does not result in criminal history points, the defendant is in Criminal History Category I.  At Criminal History Category I, with an offense level of 27, the defendant's advisory, applicable Guidelines range is 70 to 87 months' imprisonment (the "Stipulated Guidelines Range").  The Probation Department likewise concluded that the defendant's Guidelines Range is 70 to 87 months' imprisonment and recommended a sentence of 70 months' imprisonment, within the Guidelines Range.  (PSR p. 17-18).

## II.  DISCUSSION

In light of the nature of the instant offense, to promote deterrence, and to avoid unwarranted sentencing disparities, the Government respectfully submits that a sentence within the Stipulated Guidelines Range would be sufficient, but not greater than necessary, to serve the legitimate purposes of sentencing.

*First*, a sentence within the Stipulated Guidelines Range is necessary to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment.  *See* 18 U.S.C. § 3553(a)(2)(A).  Distributing illegal drugs is a serious offense.  This is particularly so with this offense, which involved one kilogram of heroin.  Heroin trafficking in particular has given rise to increasing and alarming numbers of victims.  Nearly 670,000 Americans reported using heroin in 2012, a remarkable jump from the approximately 370,000 Americans who reported using heroin just five years earlier.[1]  And nearly 40,000 Americans die each year from drug overdoses, with 75 percent of those deaths resulting from the use of heroin or other opioids.[2]  Between 2001 and 2014, there was a 6-fold increase in the number of deaths from

---

[1] *See* "Addict, Informant, Mother," *The New York Times*, May 11, 2014, *available at:* http://www.nytimes.com/2014/05/11/magazine/addict-informant-mother.html?hpw&rref=magazine (citing DEA statistics).

[2] "Heroin: America's Silent Assassin," *The Daily Beast*, February 3, 2014, *available at*: http://www.thedailybeast.com/articles/2014/02/03/heroin-america-s-silent-assassin.html

heroin overdoses alone.[3]  The defendant intended to contribute to this crisis by distributing heroin for profit.

*Second*, a sentence within the Guidelines range is necessary to afford adequate deterrence.  *See* 18 U.S.C. § 3553(a)(2)(B).  The defendant has a prior conviction for possession of a controlled substance that appeared to involve distribution quantities of crack cocaine.  (*See* PSR ¶ 41).  In connection with that offense, the defendant was found in an apartment with guns and drug distribution paraphernalia.  (PSR ¶ 41).  While the defendant received a sentence of three years to life imprisonment for that offense, he appears to have served less than two years in prison.  (*Id.*).  That sentence was obviously insufficient to deter him from the instant criminal conduct.  The defendant made a choice, despite his previous conviction and term of incarceration, to sell a large amount of heroin.  A sentence within the Stipulated Guidelines Range is therefore necessary and appropriate to ensure the defendant is deterred from re-offending.

*Finally*, a sentence within the Stipulated Guidelines Range is necessary to avoid unwarranted sentencing disparities.  The defendant's co-defendant, Acosta, received a sentence of 70 months for his role in the same offense.  While Acosta played a greater role with respect to his interactions with UC-1 in arranging and negotiating the transaction, Heredia-Cuevas also played a critical role in the transaction.  Indeed, Heredia-Cuevas brought the drugs to the transaction and had the authority to state that UC-1's money did not need to be counted.  In addition, Heredia-Cuevas's criminal history is comparable to Acosta's in that they each have a prior drug conviction, although zero criminal history points.

---

[3] National Institute on Drug Abuse, Overdose Death Rates, *available at:* https://www.drugabuse.gov/related-topics/trends-statistics/overdose-death-rates

### III.  CONCLUSION

For the foregoing reasons, the Government respectfully submits that a sentence within the Stipulated Guidelines Range is appropriate here and would be sufficient, but not greater than necessary, to serve the legitimate purposes of sentencing.

Dated: New York, New York
June 6, 2016

        Respectfully submitted,

        PREET BHARARA
        United States Attorney
        Southern District of New York

By:    /s/ Drew Johnson-Skinner
        Drew Johnson-Skinner
        Assistant United States Attorney
        (212) 637-1587